UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE IGNELIO SOLIMAN,

v.  Case No. 8:05-cr-240-T-24MSS
8:07-cv-392-T-24MSS

UNITED STATES OF AMERICA.

## **O R D E R**

This cause is before the Court on Defendant Jose Ignelio Soliman's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 (Doc cv-1;cr-138). A review of the record demonstrates that, for the following reasons, the motion to vacate must be **DENIED**.

### BACKGROUND

On August 4, 2005, Soliman pled guilty, without a written plea agreement, to counts one and two of a two-count indictment which charged Soliman with possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of 46 Appendix, U.S.C. §§ 1903(a) and 1903(g); 21 U.S.C. § 960(b)(1)(B)(ii) (count one); and conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 Appendix, U.S.C. §§ 1903(a) and 1903(g), and 1903(j); 21 U.S.C. 960(b)(1)(B)(ii) (count two). (Doc. cr-116 [Change of Plea Hearing]; cr-93 [Judgment]).

On November 18, 2005, the Court sentenced Soliman to one hundred and thirty-five months incarceration as to counts one and two of the indictment, with the sentences to run concurrent to each other. (Doc. cr-93). Judgment was entered that day, November 18,

2005. (Doc. cr-93)

On December 9, 2005, Soliman filed a Notice of Appeal. (Doc. cr-105).[1] On June 30, 2006, the United States Court of Appeals for the Eleventh Circuit affirmed Soliman's conviction and sentence in an order that reads, in pertinent part:

### I. BACKGROUND

On May 30, 2005, the United States Coast Guard ("USCG") spotted a "go-fast" boat alongside a fishing vessel in international waters off the coast of Equador. After the two vessels separated, the go-fast boat appeared dead in the water. When the USCG launched an inflatable boat to conduct a boarding, the go-fast boat attempted to escape. A USCG helicopter fired warning shots, which caused the go-fast boat to stop. Before jumping overboard, the four crew members of the go-fast boat were observed removing their clothing, throwing cargo overboard and attempting to set the boat on fire.

The crew was apprehended, including Defendant Soliman. A total of approximately 118 bales of cocaine, weighing approximately 2,676 kilograms were recovered from the go-fast boat and the surrounding waters. Soliman received approximately $4,400 for his participation in the drug smuggling scheme. Soliman pled guilty to both counts without a plea agreement.

The Presentence Investigation Report ("PSI") set Soliman's base offense level at 38, pursuant to U.S.S.G. § 2D1.1(c)(1), based on the 2,676 kilograms of cocaine found on the go-fast boat. With a total offense level of 33 and a criminal history category of 1, the PSI recommended an advisory Guidelines range of 135 to 168 months' imprisonment.

At sentencing, Soliman argued that he was entitled to a minor role reduction. The district court overruled Soliman's objections, noting that Soliman was being held accountable for only the amount of drugs found on the go-fast boat, which was a significant amount, and that Soliman's role was the same as his crew mates, except for the captain.

Soliman asked for a sentence below the advisory Guidelines range, noting, among other things, that one of his co-defendant's offense level had been reduced by one level because he had signed a plea agreement. The

---

[1] Counsel for Soliman filed an unopposed motion for extension of time to file a Notice of Appeal (Doc. cr-107) which the Court granted (Doc. cr-108).

district court responded that Soliman's co-defendant's appeal waiver justified the reduction. Soliman asked the district court to consider the same reduction for him to avoid a sentencing disparity.

The court adopted the PSI's facts and Guidelines calculations. Before the sentence was imposed, Soliman asked whether the district court would consider "departing down one level" if Soliman agreed to waive his right to appeal. The district court responded, "You know, I'm somewhat hesitant to do that because it's not in writing anywhere. And . . . [Soliman's co-defendant] enter[ed] into a plea agreement, and included in the plea agreement was the waiver of the right to appeal. So . . . I would not consider doing that."

The district court then sentenced Soliman to concurrent 135-month sentences, noting that it had considered the advisory guidelines and the factors in 18 U.S.C. § 3553(a). The court explained:

> I think if there's any reason for these high sentences, and [the government] has put [its] finger on it, it's deterrence and protection of the public from this large amount of drugs. So I would find that there's not a reason to go beneath the advisory guidelines pursuant to [§] 3553.

Soliman appealed.

## II.  DISCUSSION

Soliman argues that the district court erred by failing to grant him a minor role reduction. We review for clear error a district court's determination of a defendant's qualification for a role reduction. United States v. DeVaron, 175 F.3d 930, 937 (11th Cir. 1999)(en banc). The defendant has the burden of establishing his role in the offense by a preponderance of the evidence. Id. at 939. Two principles guide a district court's consideration: (1) the court must compare the defendant's role in the offense with the relevant conduct attributed to him in calculating his base offense level; and (2) the court may compare the defendant's conduct to that of other participants involved in the offense. Id. at 940-45. When the relevant conduct attributed to a defendant is identical to his actual conduct he cannot prove that he is entitled to a minor-role adjustment simply by pointing to some broader scheme for which he was not held accountable. Id. at 941.

The district court did not clearly err in refusing Soliman a minor role reduction. Under the first prong of De Varon, the district court held Soliman accountable for only the 2,676 kilograms of cocaine found on the go-fast boat. As to the second prong of De Varon, the record indicates that Soliman

was at least as culpable as his crewmates, all of whom attempted to throw the cocaine from the boat and set the boat on fire.

Soliman also argues that his 135-month concurrent sentences are unreasonable under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). After Booker, a district court, in determining a reasonable sentence, must consider the correctly calculated sentencing range under the Sentencing Guidelines and the factors in § 3553(a). See Booker, 543 U.S. at 258-64, 125 S.Ct. at 764-67; United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). We review a defendant's sentence for unreasonableness in light of the factors in § 3553(a) and the reasons given by the district court. United States v. Williams, 435 F.3d 1350, 1354-55 (11th Cir. 2006).

Soliman's sentences are not unreasonable. The 135-month concurrent sentences are at the low end of the Guidelines range and well below the statutory maximum of life imprisonment. The district court indicated that it had considered the § 3553(a) factors and explained that it was not granting Soliman's request for a below-Guidelines sentence because of the need for deterrence and to protect the public in cases involving large amounts of drugs. Indeed, Soliman's offenses involved 2,676 kilograms of cocaine. Contrary to Soliman's assertion, the district court also considered Soliman's argument regarding the lesser sentence of Soliman's co-defendant, but chose not to accept it. The district court need not consider every § 3553(a) factor explicitly and "expound upon how each factor played a role in its sentence decision." United States v. Robles, 408 F.3d 1324, 1328 (11th Cir. 2005). The district court's acknowledgment that it considered the defendant's arguments and the § 3553(a) factors is sufficient. United States v. Scott, 426 F.3d 1324, 1329-30 (11th cir. 2005).

Accordingly, we affirm Soliman's 135-month concurrent sentences.

(Doc. cr-127)(footnote omitted). On March 2, 2007, Soliman timely filed this motion to vacate raising two grounds for relief.

DISCUSSION

Ground One

Soliman contends that he should have received a minor role reduction because his participation was minimum compared to that of the other defendants. In support he alleges "in the face of the docket and throughout . . . the proceedings, it was clear that this

4

defendant has a very limited role in the defense." (Doc. cv-1 at p. 5). He further contends that this Court committed clear error by not considering all the factors and circumstances of his involvement in the crime to which he pled guilty. He alleges that this Court did not consider his "particularized circumstances." As a result, Soliman contends, he received an overly harsh sentence. He further alleges that such a narrow approach to the 2002 minor role adjustment guidelines clarifies that this Court should have considered all the attendant circumstances and should not have focused exclusively on the amount of drugs involved. (Doc. cv-2 at p. 3).

First, this claim is not a 28 U.S.C. § 2255 issue. *See United States v. Ryan,* 289 F.3d 1339 (11th Cir. 2002). Second, ground one has no merit. On direct appeal, the Eleventh Circuit held that this Court properly refused to grant Soliman's request for a minor role reduction. Soliman raises the same issues in his motion to vacate that the Eleventh Circuit rejected on direct appeal. Because this claim has been previously raised and rejected, Soliman is not entitled to relief on ground one. See Mills v. United States, 36 F.3d 1052 (11th Cir. 1994) (prior disposition of ground of error on direct appeal generally will preclude further review in subsequent collateral proceeding); United States v. Johnson, 615 F.2d 1125 (5th Cir. 1980) (When issue has already been determined on direct appeal, court need not reconsider on motion to vacate sentence); Webb v. United States, 510 F.2d 1097 (5th Cir. 1975) (consideration of contentions on direct appeal precluded reconsideration of same contentions on petition for postconviction relief). See also, DuPont v. United States, 76 F.3d 1996 (6th Cir. 1996) (motion to vacate, set aside, or correct sentence by person in federal custody may not be used to relitigate issue that was raised on appeal absent highly exceptional circumstances). No highly exceptional circumstances

exist in Soliman's case.

## Ground Two

Soliman contends that "46 App. U.S.C. 1903 is an element of the offense" (Doc. cv-1 at p. 5) and that "precedent in this very circuit would show that 18 U.S.C. § 1903 is an element of the offense and the jury has to determine whether the United States has jurisdiction." (Doc. cv-2 at p. 9).

## Jurisdiction

Like ground one, ground two has no merit because jurisdiction is not an element of the offense. Furthermore, at the change of plea hearing, when Soliman pled guilty to counts one and two of the indictment, he agreed that the United States had jurisdiction. Counts one and two included the language, "while aboard a vessel subject to the jurisdiction of the United States." (Doc. cr-116 at p. 13). In addition, the factual basis, which the prosecutor read at the change of plea hearing, included the language: "None of the crew members claimed to be master of the vessel, nor did anyone claim nationality for the vessel. As such, the go-fast was assimilated to be stateless, that is, a vessel without nationality and therefore subject to the jurisdiction of the United States. . . . The defendant and his co-conspirators were taken into custody by the United States Coast Guard and first entered the United States in the Middle District of Florida." Defendant did not object to these facts. (Doc. cr-116 at pp. 16-18).

Finally, 46 App. § 1903(f) reads:

**(f)  Jurisdiction and venue**

Any person who violates this section shall be tried in the United States district court at the point of entry where that person enters the United States, or in the United States District Court of the District of Columbia. Jurisdiction

6

of the United States with respect to vessels subject to this chapter is not an element of any offense. All jurisdictional issues arising under this chapter are preliminary questions of law to be determined solely by the trial judge.[2]

Soliman's claim fails because his arguments related to jurisdiction are based on a misinterpretation of the law. Jurisdiction is not an element of Soliman's offenses, and the trial judge, not the jury, determines whether the Court has jurisdiction.

Accordingly, the Court orders:

That Soliman's motion to vacate (Doc. cv-1; cr-138) is denied. The Clerk is directed to enter judgment against Soliman in the civil case and to close that case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find

---

[2] As of October 6, 2006, this statute became Title 46 § 70504 and reads:

**§ 70504.  Jurisdiction and Venue**

    **(a) Jurisdiction --** Jurisdiction of the United States with respect to a vessel subject to this chapter is not an element of an offense. Jurisdictional issues arising under this chapter are preliminary questions of law to be determined solely by the trial judge.

    **(b) Venue --** A person violating section 70503 of this title shall be tried in the district court of the United States for –

    (1) The district at which the person enters the United States; or

    (2) The District of Columbia.

the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on March 28, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

AUSA: Christopher Francis Murray
Jose Ignelio Soliman, Pro Se